THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSEPH SIRAGUZA-DE JESUS,**<br><br>Petitioner,<br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | Civ. No. 18-1628 (ADC)<br>Related to<br>Crim. No. 16-217-02 (ADC)<br>Crim. 10-251[25 (ADC) |

**OPINION AND ORDER**

Before the Court is a pro se motion to set aside, vacate, or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Joseph Siraguza-De Jesús ("petitioner") on August 30, 2018. **ECF No. 1**. Respondent United States of America ("government") filed a response in opposition. **ECF No. 11**. Petitioner filed a supporting Memorandum of Law on January 12, 2021, and a "Supplemental Motion to Vacate, Set Aside, or Correct Sentence," on January 15, 2021. **ECF Nos. 14, 15.**[1] For the following reasons, petitioner's motion at **ECF No. 1** is **GRANTED IN PART** and **DENIED IN PART**. Petitioner is **GRANTED** an opportunity to file a timely appeal to the weapons case, Crim No. 16-217, as described below. The duplicative motion at **ECF No. 15** is **MOOT**.

---

[1] The supplemental motion and the original motion contain the same arguments and may, in fact, be identical copies minus the dated signature pages.

**I. Procedural Background**

Petitioner pleaded guilty to one count of being a felon in possession of a firearm. **Crim. No. 16-217** (the weapon case or the 2016 conviction)**, ECF No. 85**. Petitioner was simultaneously facing revocation proceedings in **Crim. No. 10-251** (the revocation case)**, ECF Nos. 3968, 4119**. The Court consolidated proceedings in both cases. **Crim. No. 10-251, ECF No. 4119**. For the 2016 weapons conviction, the Court sentenced petitioner to 57 months of imprisonment and a supervised release term of three years. **Crim. No. 16-217, ECF No. 135**. In the revocation case, Criminal Case No. 10-251, the Court revoked petitioner's supervised release and sentenced him to 24 months of imprisonment. The terms of imprisonment were to be served consecutively to each other while the term of supervised release was to be served concurrently. **Crim. No. 10-251, ECF No. 4142**. The Court entered judgment on both matters on August 29, 2017.

On September 12, 2017, petitioner timely appealed from judgment in the revocation case. His counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967). **Crim. No. 10-251, ECF Nos. 4148, 4314**. The First Circuit Court of Appeals affirmed petitioner's conviction and sentence and concluded that the revocation case appeal presented no non-frivolous issues. **Crim. No. 10-251, ECF No. 4314**. Petitioner, via counsel, did not appeal the weapons conviction in Criminal Case No. 16-217. **Crim. No. 16-217, ECF No. 85**. Rather, he submitted a pro se appeal dated October 21, 2017, that was docketed in this Court on November 14, 2017. *Id*. at 140.

Petitioner raises three arguments in his section 2255 motion: 1) counsel provided ineffective assistance for failing to object to the sentence imposed in the revocation case; 2)

counsel provided ineffective assistance for failing to timely file a notice of appeal from the weapons conviction and; 3) his plea to the weapons charge was not knowing, intelligent, or voluntary because counsel misrepresented the consequences of the plea and plausibility of certain defenses. **ECF No. 1** at 4-5.

A status conference was held on September 12, 2021 in regards to the case at bar. Petitioner was represented by court appointed counsel and discovery matters were addressed while leaving the case set for an evidentiary hearing. On September 28, 2021, petitioner presented no witnesses but re-instated his allegations as per the record. Meanwhile, counsel for the government acknowledged that given the passing of former trial counsel, it had no evidence to rebut petitioner's allegations.

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a party must prove "that counsel's performance was constitutionally deficient, meaning that counsel made errors so serious that 'counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment,' and that the deficient performance prejudiced the defense." *U.S. v. LaPlante*, 714 F.3d 641, 648 (1st Cir. 2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Both prongs of the analysis must be satisfied. *U.S. v. Caparotta*, 676 F.3d 213, 219-20 (1st Cir. 2012).

**1. Objecting to the Revocation Sentence**

Petitioner's claim that counsel provided ineffective assistance for failing to object to the revocation sentence is clearly refuted by the record. During the joint revocation and sentencing hearing, counsel requested that the Court reconsider the revocation sentence, arguing that the Court should not have placed emphasis on certain factors while determining that an upward variance was warranted. **Crim. No. 10-251**, **ECF No. 4178** at 25. The Court denied counsel's request. Counsel appealed this ruling via an *Anders* brief, demonstrating to the Appeals Court there were no valid legal grounds in support. **Appeal No. 17-2002, Doc. 00117264893**. The Appellate Court affirmed and dismissed the appeal as frivolous. **Crim. No. 10-251, ECF No. 4314**. "Issues resolved by a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Murchu v. U.S.*, 926 F.2d 50, 55 (1st Cir. 1991) (citation and internal quotation marks omitted). This argument accordingly fails.

**2. Filing a Timely Appeal in the Weapons Case**

Failure to file a timely appeal upon a defendant's instruction constitutes deficient performance by counsel. *Garza v. Idaho*, 139 S. Ct. 738, 746 (2019). "[A] defense attorney's representation is constitutionally deficient if the attorney either 'disregards specific instructions from the defendant to file a notice of appeal' or fails (under certain circumstances) to consult with the defendant about an appeal." *Rojas-Medina v. U.S.*, 924 F.3d 9, 15 (1st Cir. 2019) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 480 (2000)). "A defendant is not required to show that an appeal is likely to be successful in order to be entitled to file an appeal out-of-time based on

ineffective assistance of counsel; he need only demonstrate that 'counsel's constitutionally deficient performance deprive[d] [him] of an appeal that he otherwise would have taken.'" *Id*. at 16 (alterations in original) (quoting *Flores-Ortega*, 528 U.S. at 484).

Petitioner appears to ground his argument on the fact that the sentence in the cases were imposed on the same date. He implies that because he clearly requested his attorney file an appeal of the revocation sentence, he also requested counsel to appeal the sentence in the weapons case.[2] **ECF No. 14** at 5. The government argues that petitioner directed counsel to appeal only the revocation sentence because, had petitioner requested the simultaneously-entered weapons sentence also be appealed, counsel would have filed the appeals at the same time. **ECF No. 11** at 9-10. Petitioner subsequently filed a pro se notice of appeal of the weapons conviction on November 14, 2017. In the pro se notice, petitioner acknowledged that his appeal was untimely. Petitioner explained that he was unable to file a timely pro se appeal due to complications arising from Hurricanes Irma and María in September 2017, as well as issues with the printers in the facilities in which he was imprisoned after sentencing. **Crim. No. 16-217, ECF No. 140**. He mentioned nothing of having asked counsel to file an appeal on his behalf or of being hampered by counsel's in/actions. *Id*. The omission of this possible explanation for untimeliness in petitioner's pro se appeal speaks strongly against the argument now.[3]

---

[2] Petitioner filed this memorandum over two years after his initial motion to vacate judgment under Section 2255. **ECF No. 14**.
[3] Doubts are casted as well from the fact that in spite of being summoned as a prospective defense witness, petitioner's spouse failed to attend and testify at the September 28, 2019 hearing, for reasons unknown to defense counsel who failed on her attempts to locate the witness.

In response to petitioner's pro se notice of appeal, the Court of Appeals issued an Order to Show Cause on December 4, 2017, requesting the parties brief the matter of timeliness. Petitioner's trial counsel, Raymond Rivera-Esteves, filed a response explaining to the Appellate Court that he "was under the mistaken impression" that petitioner did not want to appeal the weapons sentence, only the revocation sentence. **Appeal No. 17-2149, Doc. 12-1**. When counsel Rivera-Esteves spoke with petitioner on December 18, 2017, several months after sentencing and a month after a failed attempt to direct mail to petitioner, petitioner informed counsel it was his intent all along that counsel appeal both the weapons and revocation judgments. *Id*. Counsel implored the First Circuit Court of Appeals to accept petitioner's untimely pro-se notice of appeal. The Court of Appeals nonetheless deemed the appeal untimely and entered judgment on June 21, 2018. **Crim. No. 16-217, ECF No. 149**.

Additionally, the Court notes that the plea agreement in the weapons case contained an appeal waiver. **Crim. No. 16-217, ECF No. 85** at 5. Petitioner signed the plea agreement and specifically placed his initials next to the appeal waiver provision. The record reflects that the Magistrate Judge at the change of plea hearing explained the implications of the appeal waiver, confirming petitioner's understanding of the waiver. **Crim. No. 16-217, ECF No. 147** at 19. The Court also addressed the appeal waiver at sentencing, noting that the waiver was triggered and was binding and enforceable because the Court imposed a sentence aligned with the terms of the plea agreement. **Crim. No. 16-217, ECF No. 161** at 17. In contrast, the timely-appealed revocation sentence reflected an upward variance and did not involve an appeal waiver,

providing further support for the government's contention that petitioner had asked counsel to appeal solely that judgment. **Crim. No. 10-251, ECF No. 4178** at 23-24. Counsel Rivera-Esteves stood next to petitioner while the Court examined petitioner as to his understanding of the appeal waiver provision within the plea agreement in the weapons case. It would be reasonable to infer that having discussed the subject of appeal for each case with petitioner, counsel Rivera-Esteves would be well-aware of his duty to appeal upon being requested to do so by petitioner. The same could be inferred by the *Anders* brief counsel filed in appeal of the revocation case to discharge his legal duties.

Nonetheless, counsel Rivera-Esteves has since passed away, leaving the Court with no means to either corroborate or contradict petitioner's statement that he affirmatively requested an appeal of both judgments. Neither can the Court seek clarification of counsel's comment to the Court of Appeals while asserting he had misunderstood petitioner's interest in an appeal. Thus, even though the record lends support to counsel's diligence, and the ineffective assistance analysis favors a finding of diligence, there is no way for the Court to accurately ascertain this. Accordingly, the Court finds that trial counsel was ineffective in failing to timely appeal the weapons case, Crim. No. 16-217 and petitioner is therefore entitled to file an out-of-time appeal. *See Rojas-Medina*, 924 F.3d at.

**B. Knowing, Intelligent, and Voluntary Plea**

Last, petitioner argues that his plea to the weapons charge was not knowing, intelligent, or voluntary because counsel misrepresented the consequences of the plea and plausibility of certain defenses. **ECF No. 1** at 4-5.

A defendant knowingly enters a guilty plea when he "does so with 'an understanding of the nature of the charge and the consequences of the plea.'" *U.S. v Hernandez-Wilson*, 186 F.3d 1 (1st Cir. 1999). A plea is involuntary if the petitioner can show, 1) "that some egregiously impermissible conduct (say, threats, blatant misrepresentations, or untoward blandishments by government agents) antedated the entry of his plea; and 2) "that the misconduct influenced his decision to plead guilty or, put another way, that it was material to that choice." *Ferrara v. U.S.*, 456 F.3d 278, 290 (1st Cir. 2006). Otherwise, "absent a good reason for disregarding them," "a court is entitled to give weight to the defendant's statements at his change-of-plea colloquy." *U.S. v. Santiago Miranda*, 654 F.3d 130, 138 (1st Cir. 2011) (citation and internal quotation marks omitted). This is because "a defendant's declarations in open court carry a strong presumption of verity." *Id*. (citation and internal quotation marks omitted).

Petitioner specifically challenges his guilty plea to the weapons offense on the basis that counsel misrepresented 1) the term of imprisonment petitioner would receive if he pleaded guilty, 2) the plausibility of a trial defense based on evidence that petitioner did not physically possess any of the firearms found in his car when law enforcement pulled his car over, and 3) that he was led to believe he would receive concurrent sentences. **ECF No. 14** at 4-5.

Petitioner does not raise any allegations that any "egregiously impermissible conduct (say, threats, blatant misrepresentations, or untoward blandishments by government agents) antedated the entry of his plea," a required element in proving his claim. *See Ferrara*, 456 F.3d at 290. Moreover, even assuming counsel did not adequately explain the matters now challenged by petitioner, the Court engaged in a thorough colloquy to ensure his plea was voluntary, knowing, intelligent, and not coerced. *See* **Crim. No. 16-217, ECF No. 147**.

During the change of plea hearing, the Magistrate Judge explained to petitioner and verified his understanding of the rights the plea would waive, including the ability to bring a defense at trial, **Crim. No. 16-217, ECF No. 147** at 19-20; and the risks the plea posed, including that the sentencing court could impose a harsher sentence than recommended in the plea agreement and that entry of the guilty plea may have a negative impact on the pending revocation matter, **Crim. No. 16-217, ECF No. 147** at 16-18. The Magistrate Judge also outlined "the government's proffered facts, conceded by the defendant to be true," and articulated the elements necessary to prove the charge, including the nuances of possession. **Crim. No. 16-217, ECF No. 147** at 21. *See U.S. v. Jiminez*, 498 F.3d 82, 87 (1st Cir. 2007). Specifically, the Magistrate Judge explained, "Possession requires the exercise of control over an object and it can be actual …. It can be constructive. I possess my purse even though I don't have it with me. It's inside my office." **Crim. No. 16-217, ECF No. 147** at 21. The Magistrate Judge asked petitioner if he had any questions about the elements or his constitutional rights and if there was anything he would

like to discuss with his attorney before continuing. **Crim. No. 16-217, ECF No. 147** at 22. Petitioner answered, "No." **Crim. No. 16-217, ECF No. 147** at 21-22.

The record reflects that petitioner was informed of and had no questions regarding the weapons charge, the elements the government would need to satisfy at trial, the government's facts supporting the charge, the sentencing possibilities he faced, and that his plea may have implications on the revocation case. **Crim. No. 16-217, ECF No. 147** at 16-22. Whether counsel could have more thoroughly explained any of these matters does not undermine the knowing and intelligent nature of petitioner's plea. *See Jiminez*, 498 F.3d at 87. Accordingly, any error by counsel was harmless. Petitioner's voluntariness argument also fails where there is no implication in the record or proffer or specific assertion by petitioner of the "egregiously impermissible conduct" required in a voluntariness analysis. *See Ferrara*, 456 F.3d at 290. Without more, the plea colloquy is not only "evidential, but sufficiently conclusive." *See Santiago Miranda*, 654 F.3d at 138 (citation and internal quotation marks omitted).

## III. CONCLUSION

Petitioner's motion at **ECF No. 1** is **GRANTED IN PART** and **DENIED IN PART**. Given the particular circumstances of this case, and there being seewing trial counsel's testimony and having the government acknowledged having no other evidence to rebut petitioner's allegations, it is determined that trial counsel was ineffective for failing to appeal the weapons sentence, entitling petitioner the opportunity to file an out-of-time appeal in the weapons case, Crim No. 16-217. Petitioner's duplicative motion at **ECF No. 15** is **MOOT**. Clerk of Court is to

enter judgment. Given the posture of this ruling, a certificate of appealability will be **GRANTED** accordingly. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of September, 2021.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**